ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant-appellant Clifford L. Dawson, d.o.b. June 26, 1964, appeals on the accelerated docket from the trial court's imposition of a maximum term of incarceration and his classification of being a sexual predator. For the reasons adduced below, we affirm in part, reverse in part, and remand for a new sexual predator classification hearing with advance notice of same to the parties.
A review of the record on appeal indicates that appellant was originally charged in January of 2001 with the following: (1) one count of rape (R.C. 2907.02) with a repeat violent offender specification, notice of prior conviction, and a sexually violent predator specification; (2) one count of kidnapping (R.C. 2905.01) with notice of prior conviction, repeat violent offender specification, and a sexual motivation specification; and, (3) one count of gross sexual imposition (R.C. 2907.05) with a sexually violent predator specification. The victim was appellant's niece, who was four years old at the time of the January 14, 2001 offenses. The offenses occurred in an upstairs bedroom of appellant's sister's house, where appellant, an unemployed, but medicated, paranoid schizophrenic male with a history of alcohol intoxication, and the victim resided. Also residing in the home was the victim's mother (appellant's sister) and the victim's six other siblings.
Appellant entered a guilty plea on May 30, 2001 to gross sexual imposition, a felony of the third degree, as charged in amended count three (the amendment was the deletion of the accompanying sexually violent predator specification). The remaining counts were nolled.
Subsequent to the preparation of a pre-sentence investigation report and a mentally disordered offender referral, the court conducted a hearing on June 28, 2001 and, after citing extensively to the contents of the pre-sentence investigation report at Tr. 21-25, sentenced appellant to the maximum term of five years imprisonment and adjudicated appellant as being a sexual predator.
Appellant presents three assignments of error for review.
The first assignment of error provides:
 1. THE TRIAL COURT ERRED BY SENTENCING DEFENDANT-APPELLANT TO SERVE A MAXIMUM SENTENCE BASED UPON CONSIDERATION OF AN OFFENSE OTHER THAN THE OFFENSE TO WHICH A GUILTY PLEA WAS ENTERED, AND BY FINDING HIM TO HAVE THE GREATEST LIKELIHOOD OF RE-OFFENDING.
A maximum term of imprisonment is available to the trial court pursuant to R.C. 2929.14(C), which states:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. (Italicization added.)
Explaining R.C. 2929.14(C), this court recently stated the following:
 To impose a maximum prison term, there must be a finding on the record that the offender posed the greatest likelihood of recidivism or committed the worst form of the offense. See State v. Banks, 1997 Ohio App. LEXIS 5201 (Nov. 20, 1997) Cuyahoga App. No. 72121, unreported; State v. Beasley,
1998 Ohio App. LEXIS 2597 (June 11, 1998) Cuyahoga App. No. 72853, unreported; State v. Edmonson
(1999), 86 Ohio St.3d 324, 715 N.E.2d 131. The trial court must also state its reasons for imposing the maximum sentence. R.C. 2929.19(B)(2)(d). While the court is not obligated to cite any magic or talismanic words, the record must be clear that the court made the appropriate findings. State v. Stribling, 1998 Ohio App. LEXIS 5932 (Dec. 10, 1998) Cuyahoga App. No. 74715, unreported.
 State v. Drake (Jan. 9, 2002), Cuyahoga App. No. 77460, unreported, 2002 Ohio App. LEXIS 131 at 7-8.
In assessing the seriousness and recidivism factors contained in R.C. 2929.14(C), the trial court was to be guided by the factors contained in the version of R.C. 2929.12(B)-(E) which was applicable at the time of appellant's sentencing, and which states the following:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
Under the facts of the present case, it is conceded by appellant that he was subject to a maximum term of imprisonment, but only upon a demonstration on the record that he (1) committed the worst form of the offense and (2) posed the greatest likelihood of committing future crimes. Appellant argues that the trial court sentenced him, not for the offense of gross sexual imposition, but under the mistaken belief that he had committed the offense of rape, and did not comply with the seriousness/recidivism demonstrations mandated by R.C. 2929.14(C).
First, the record clearly indicates that the trial court sentenced appellant for the offense of gross sexual imposition, not rape, stemming from the appellant's digital penetration of the victim's genitalia. See Tr. 25 ("However, I am sentencing Mr. Dawson for the offense of gross sexual imposition."). Appellant's argument, that the trial court was sentencing him for having committed rape, is without merit.
Second, with regard to the seriousness and recidivism findings, the record indicates that the trial court commented upon both areas. For seriousness, or worst form of the offense, the trial court relied upon the young age of the victim (see then R.C. 2929.12[B], as "any other relevant factors") and the fact that appellant was an uncle to the victim (see then R.C. 2929.12[B][6]). See Tr. 25. For the recidivism finding, the trial court relied upon the fact of appellant having a prior sexual offense conviction for attempted rape in 1983 (see then R.C.2929.12[D][2]). See Tr. 24-25.[1] Although not stated with particularity as being a reason for finding appellant likely to re-offend, the trial court noted that appellant's version of the present offense was inconsistent with that of the victim and that appellant claimed that he never touched the victim; the court inferred that appellant was unremorseful and was not admitting his guilt. See Tr. 24. Appellant, addressing the court at the sentencing hearing, repeated his assertion that he "didn't do anything." Tr. 21. This failure to show genuine remorse by appellant is a factor in favor of a finding of a risk of re-offending. See then R.C. 2929.12(D)(5). Based on these factors, the trial court did not abuse its discretion in imposing the maximum term available for the offense of gross sexual imposition.
The first assignment of error is overruled.
The second assignment of error provides:
 2. THE TRIAL COURT'S FINDING CLIFFORD DAWSON TO BE A SEXUAL PREDATOR VIOLATES THE OHIO AND UNITED STATES CONSTITUTIONS AND R.C. 2950.09 BECAUSE MR. DAWSON WAS NOT PROVIDED WITH NOTICE THAT HIS SEXUAL PREDATOR HEARING WOULD TAKE PLACE AT THE TIME OF HIS SENTENCE.
R.C. 2950.09(B)(1) provides that: the sentencing court conduct a hearing to determine whether the offender is a sexual predator; the sexual predator hearing may be conducted prior to sentencing or as part of the sentencing hearing; the court must give the sexually oriented offender and the prosecutor notice of the date, time, and location of the sexual predator hearing. Notice of the sexual predator hearing's date, time, and location, is necessary so as to provide the parties with an adequate opportunity to gather supporting evidence and testimony in preparation for the hearing. See State v. Gowdy (1999),88 Ohio St.3d 387. The failure to provide this mandatory advance notice of hearing requires the vacating of the sexual predator classification and a remand of the matter back to the trial court for a new sexual predator classification hearing with proper advance notice of the hearing. Id. at 398-399.
In the present case, advance notice of the sexual predator classification hearing was not given by the court. The only notice of the hearing was when the trial court orally informed the parties at the beginning of the sentencing hearing that the court would be conducting the sexual predator classification hearing as part of the sentencing hearing. See Tr. 12.
The state concedes the merits of this assignment. See appellee's brief at 7.
The second assignment of error is well-taken. The appellant's classification as a sexual predator is vacated and the matter remanded for a new sexual predator classification hearing with proper advance notice of the hearing.
The third, and final, assignment of error provides:
 3. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Having vacated the appellant's classification as a sexual predator, see the second assignment of error, supra, this assignment of error is moot and may be disregarded. See App.R. 12(A)(1)(c).
The third assignment of error is overruled as moot.
Judgment affirmed in part, reversed in part and remanded.
This cause is affirmed in part and reversed in part.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee(s) each pay one-half of the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, J., CONCURS; ANNE L. KILBANE, J., CONCURS IN JUDGMENTONLY.
[1] In addition to the 1983 attempted rape conviction, appellant was also convicted in 1983 of kidnapping. Appellant was sentenced to a term of 2 to 15 years for each of these offenses, concurrent, and was placed on probation. While on probation, appellant was charged in 1984 with attempted aggravated burglary and possession of criminal tools, for which he was convicted and sentenced to a term of 3 to 15 years. See Tr. 24.